IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIMOTHY S. BOWYER,<br><br>     Plaintiff<br><br>-v-<br><br>DIVERSIFIED ADJUSTMENT<br>SERVICE, INC.<br><br>     Defendant. | Case No. 1:17-cv-176<br><br>Hon. |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Timothy S. Bowyer ("Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by Defendant Diversified Adjustment Service, Inc. ("Defendant") . Plaintiff alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.*

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and the Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff is a natural person residing in Ottawa County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5. Defendant is a collection agency operating from an address of 600 Coon Rapids Blvd., MN 55433. The registered agent for Defendant is The Corporation Company, 40600 Ann Arbor Rd. E. Ste. 201, Plymouth MI 48170.

6. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA. Defendant is licensed (No. 2401000994) by the State of Michigan to collect consumer debts in Michigan.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a telecommunications bill with Verizon Wireless in the amount of $1,024.70.

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

10. On or about February 15, 2017, Defendant sent Plaintiff a collection letter that stated there was a balance due of $1,209.14. (Exhibit 1)

### Count I: Unlawful Collection Charge

11. The letter also stated that the balance due included a "Verizon Wireless Collection Fee of $184.44."

12. Plaintiff did not agree to such a collection charge and the 17.99% collection fee, $184.44 on a $1,024.70 bill, far exceeds any reasonable costs of collection for this account.

13. The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA, include but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.  *See* Kojetin v. CU Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000) ("Contrary to [the Collector's] view, we agree with the district court's conclusion that [the Collector] violated the FDCPA when it charged Kojetin a collection fee based on a percentage of the principal balance that remained due rather than the actual cost of the collection.")

### Count II: Attempting to Collect a Debt Past the Statute of Limitations

14. The Debt went into default, and the last payment was made, more than two years prior to the date of the letter.

15. The federal statute of limitations applicable to carriers on cellular telephone charges is two years. 47 U.S.C. §415(a).
16. Exhibit 1 invites Plaintiff to pay 60% of his current balance as a settlement of the debt.

17. Exhibit 1 does not disclose that a partial payment on a time barred debt revives the statute of limitations clock under Michigan Law. *See Yeiter v. Knights of St. Casimir Aid Soc'y*, 461 Mich. 493, 607 N.W.2d 68, 71 (2000).

18. Exhibit 1 does not disclose the last date that a payment was made on the debt.

19. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to the collection of old debts past the statute of limitations … When a collector tells a consumer that she owes money and demands payment, it may create a misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance LLC,* Case No. 8 : 12 CV 182 T 27 EAJ (M.D.Fla.).

20. The Consumer Financial Protection Bureau has asked for input on potential rulemaking regarding time-barred debt. Debt Collection (Regulation F), 78 Fed.Reg. 67,848, 67,875-76 (advance notice of proposed rulemaking given Nov. 12, 2013). According to the CFPB, "[c]onsumers, in some circumstances, may infer from a collection attempt the mistaken impression that a debt is enforceable in court even in the absence of an express or implied threat of litigation." *Id*. At 67,785.

21. The 6th Circuit has held that it is plausible that a settlement offer falsely implies that the underlying debt is enforceable in court. *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir., 2015).

22. Defendant engaged in unfair, false, and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10), by dunning consumers on time-barred debts without disclosing that the consumers were under no legal obligation to make payment.

23. Defendant engaged in misleading, unfair, false, and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10), by inviting consumers to pay less than the full balance owed on their account without disclosing that paying less than the settlement amount requested could restart the statute of limitations clock under Michigan law.

## Plaintiff's Actual Damages

24. The foregoing acts and omissions of Defendant and its agents constitute numerous violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

26. Plaintiff is a fifty five year old man who suffers from bipolar disorder and has a history of depression and anxiety.

27. As an actual and proximate result of the acts and omissions of defendant and its employees, Plaintiff has suffered actual damages and injury for which she should be compensated in an amount to be established by jury and at trial, including but not limited to Exacerbation of Plaintiff's depression, anxiety disorder, and bipolar disorder resulting in feelings of worthlessness, guilt, fear, embarrassment, anxiety, stress, hopelessness and suffering.

## V.  TRIAL BY JURY

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## VI. PRAYER FOR RELIEF

### Count I – Fair Debt Collection Practices Act

29. Plaintiff incorporates the foregoing paragraphs by reference.

30. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

    a. Defendant violated 15 U.S.C. §1692e;

    b. Defendant violated 15 U.S.C. §1692f;

**Wherefore,** Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

   d) Such further relief as the court deems just and equitable.

| Dated: February 23, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|